UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE S., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Acting Commissioner of Social Security,[1] <br><br> Defendant. | Case No.: 3:23-cv-00480-AHG <br><br> **ORDER RESOLVING JOINT MOTION FOR JUDICIAL REVIEW OF FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** <br><br> **[ECF No. 14]** |

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Although Plaintiff originally brought this action against Former Acting Commissioner Kilolo Kijakazi, this case may properly proceed against Martin O'Malley pursuant to 42 U.S.C. § 405(g).

1

Plaintiff Renee S. ("Plaintiff") filed this action on March 16, 2023, seeking review of the Commissioner of Social Security's ("Commissioner") denial of her application for disability insurance benefits. ECF No. 1. The parties consented to proceed before a Magistrate Judge on March 20, 2023. ECF No. 4. Pursuant to the Court's Scheduling Order, the parties filed a Joint Motion for Judicial Review on October 12, 2023, stating their positions on the disputed issues in the case. ECF No. 14. The Court has taken the Joint Motion under submission without oral argument.

For the reasons set forth below, the Court resolves the Joint Motion in Plaintiff's favor, **GRANTS** Plaintiff's motion to remand, and **REMANDS** this action for calculation of benefits to be awarded to Plaintiff.

## I.   BACKGROUND

Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act on January 9, 2020, alleging disability due to the impairment of peripheral neuropathy with an alleged disability onset date of December 11, 2019. AR 128, 232-35. The Commissioner denied Plaintiff's claim for benefits upon initial review on March 18, 2020, and again upon reconsideration on May 14, 2020. AR 128-49. On August 27, 2020, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on May 6, 2021. AR 169-70, 63-104.

Notably, Plaintiff had filed a previous application for disability insurance benefits on October 24, 2016, which was denied by a different ALJ on January 14, 2019. *See* AR 108-15. In the prior decision, the ALJ found that Plaintiff was capable of performing her past relevant work as an administrative clerk and was therefore not disabled. AR 114-15. Consequently, with respect to the unadjudicated period of disability alleged in Plaintiff's 2020 application for benefits, the ALJ was required to apply a rebuttable presumption of continuing nondisability pursuant to *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988) and Soc. Sec. Ruling ("SSR")[2] 97-4(9), 1997 WL 742758 (Dec. 3, 1997). Specifically, the

---

[2] "SSRs do not have the force of law. However, because they represent the Commissioner's

Ninth Circuit in *Chavez* explained that, since principles of res judicata apply to administrative decisions, if a claimant has previously been denied disability benefits, "in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, [the claimant] must prove 'changed circumstances' indicating a greater disability." 844 F.2d at 693 (quoting *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985)).

On July 30, 2021, the ALJ issued an unfavorable decision denying Plaintiff's current application, finding that she remained able to perform her past relevant work and had thus not been disabled from her alleged disability onset date of December 11, 2019 through the date of the ALJ's decision. AR 28-40. In that decision, the ALJ applied the rebuttable presumption of continuing nondisability dictated by *Chavez* and SSR 94-7(9), but concluded that Plaintiff had successfully rebutted the presumption by providing new evidence to show "a changed circumstance material to the determination of disability[.]" AR 29. Therefore, the ALJ did not give res judicata effect to the findings of the prior ALJ decision. AR 29. Nonetheless, as already stated, the ALJ found Plaintiff not disabled at step four for the same reason underlying the previous nondisability finding—that is, that she remained capable of performing her past relevant work as a customer service clerk.[3] AR 39-40.

---

interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001) (citations omitted). SSR 97-4(9) is simply the agency's ruling regarding how to apply *Chavez* to disability cases brought within the Ninth Circuit.

[3] In the prior ALJ decision, Plaintiff's past relevant work was classified as an "Administrative Clerk" under DOT listing 219.362-010. AR 114. Based on the testimony of the vocational expert during the May 6, 2021 hearing, however, the ALJ classified the same job as a "Customer Service Clerk" under DOT listing 299.367-010 in the opinion at issue here. AR 39. This difference appears immaterial. Both jobs are light and semi-skilled with a Specifical Vocational Preparation level of 4, and neither party has disputed the DOT classification of Plaintiff's past relevant work on appeal.

Plaintiff requested review of the ALJ's decision by the Appeals Council on September 23, 2021. AR 227-231. When the Appeals Council denied Plaintiff's request for review on February 1, 2023, the ALJ's decision became the final decision of the Commissioner. 42 U.S.C. § 405(h). Plaintiff timely appealed the denial to this Court for federal judicial review on March 16, 2023. ECF No. 1; 42 U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010).

Substantial evidence means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The standard requires "more than a mere scintilla" of evidence, "but less than a preponderance." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted). The standard is "highly deferential." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Thus, "'[w]here evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Burch v. Barnhart*, 400 F.3d at 676, 679 (9th Cir. 2005)). However, the Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (internal quotation marks omitted)). The ALJ is responsible for determining credibility and resolving conflicts in medical testimony and is also responsible for resolving any ambiguities in the record. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Id.*; *see also SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943) ("The grounds upon which an

administrative order must be judged are those upon which the record discloses that its action was based.").

The Court may also overturn the Commissioner's denial of benefits if the denial is based on legal error. *Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 929 (9th Cir. 2014). However, even if the Court finds the decision was based on legal error, a court may not reverse an ALJ's decision if the error is harmless, "which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Id.* at 932 (internal quotations and citation omitted); *see also Burch*, 400 F.3d at 679 (citation omitted).

### III. SUMMARY OF ALJ'S FINDINGS

#### A. The Five-Step Evaluation Process

The ALJ follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. § 416.920;[4] *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled, and the claim is denied. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).

If the claimant is not currently engaged in substantial gainful activity, the second step requires the ALJ to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities, and which has lasted or is expected to last for a continuous period of at least 12 months; if

---

[4] Unless otherwise noted, all references to the agency regulations herein are to the regulations in effect at the time of the ALJ's decision. *See, e.g.*, SSR 16-3, 2016 SSR LEXIS 4 n.27 (S.S.A. 2016) ("When a Federal court reviews our final decision in a claim, we expect the court will review the final decision using the rules that were in effect at the time we issued the decision under review."); *Anne B. v. Comm'r, Soc. Sec. Admin.*, No. 1:18-CV-02146-HZ, 2019 WL 6976034, at *8 (D. Or. Dec. 20, 2019) (collecting cases for the proposition that "[t]he applicable regulations are those in effect at the time the ALJ issued his decision").

not, a finding of nondisability is made and the claim is denied. *Id. See also* 20 C.F.R. § 404.1509 (setting forth the 12-month duration requirement). If the claimant has a "severe" impairment or combination of impairments, the third step requires the ALJ to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. § 404, subpart P, appendix 1; if so, disability is conclusively presumed, and benefits are awarded. *Lounsburry*, 468 F.3d at 1114.

If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the ALJ proceeds to the fourth step of the disability evaluation process. The fourth step requires the ALJ to determine whether the claimant has sufficient residual functional capacity ("RFC") to perform her past work. *Id.* Therefore, the ALJ must determine the claimant's RFC before moving to step four.

An RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-9p, 1996 WL 374184, at *1 (July 2, 1996). It reflects the most a claimant can do despite her limitations. 20 C.F.R. § 404.1545(a)(1); *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996). An RFC assessment must include an individual's functional limitations or restrictions as a result of all of her impairments – even those that are not severe (*see* 20 C.F.R. § 404.1545(a)(1)-(2), (e)) – and must assess her "work-related abilities on a function-by-function basis." SSR 96-9p, 1996 WL 374184, at *1; *see also Valentine*, 574 F.3d at 690 ("an RFC that fails to take into account a claimant's limitations is defective"). An ALJ errs when he provides an incomplete RFC that ignores or discounts "significant and probative evidence" favorable to a claimant's position. *Hill v. Astrue*, 698 F.3d 1153, 1161-62 (9th Cir. 2012).

An RFC assessment is ultimately an administrative finding reserved to the ALJ. 20 C.F.R. § 404.1527(d)(2). However, an RFC determination must be based on all of the relevant evidence, including the diagnoses, treatment, observations, and opinions of medical sources, such as treating and examining physicians. 20 C.F.R. § 404.1545. A court

must uphold an ALJ's RFC assessment when the ALJ has applied the proper legal standards and substantial evidence in the record as a whole supports the decision. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). At step four of the disability analysis, if the ALJ determines a claimant has sufficient RFC to perform past relevant work, the claimant is not disabled, and the claim is denied. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). The claimant has the burden of proving that she is unable to perform past relevant work at step four. *Id.* If the claimant meets this burden, a *prima facie* case of disability is established. *Id.*

At step five, the burden then shifts to the ALJ to establish that the claimant is not disabled because there is other work existing in "significant numbers" in the national or regional economy the claimant can do, taking into account the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c)(1), (c)(2); *see also* 20 C.F.R. § 404.1520(g)(1). The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; *Tackett*, 180 F.3d at 1099.

### B. The ALJ's Application of the Five-Step Process in This Case

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date of December 11, 2019. AR 31. At step two, the ALJ determined that Plaintiff had the severe impairments of diabetes mellitus, peripheral neuropathy, and obesity. AR 31. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments in the Listing, noting in particular that he had considered Listings 9.00 and 11.14. AR 33. The ALJ further noted that he had considered Plaintiff's impairment of obesity pursuant to SSR 19-2p in making this determination. AR 33. *See also* SSR 19-2p, 2019 WL 2374244, at *4-*5 (May 20, 2019) (explaining that, although obesity is not a listed impairment, the functional limitations caused by obesity either alone or in combination with other impairments may medically equal a Listing; accordingly, the ALJ must consider the limiting effects of obesity when assessing a claimant's RFC).

Between steps three and four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, as defined by 20 CFR § 404.1567(b), with certain exertional and postural limitations. AR 34. Specifically, the ALJ determined that Plaintiff:

> . . . can lift and carry 20 pounds occasionally and 10 pounds frequently; and can stand and/or walk for 3 hours of an 8-hour day, and sit for 6 hours of an 8-hour day, with the option to sit or stand, to change her position every 15 minutes for 5 minutes, while remaining at the workplace; can never push or pull with the bilateral lower extremities; can never climb ladders, ropes, or scaffolds; can never walk on uneven terrain; can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; must avoid concentrated exposure to extreme cold, to extreme heat, and to vibration; and must avoid even moderate exposure to workplace hazards, such as dangerous machinery and unprotected heights.

AR 34.

At step four, based on Plaintiff's RFC and the testimony of the vocational expert, the ALJ concluded that Plaintiff is capable of performing her past relevant work as a customer service clerk "as actually performed by [Plaintiff], but not as generally performed in the national economy." AR 40. Accordingly, the ALJ found Plaintiff was not disabled at step four of the disability analysis and did not proceed to step five.

## IV.   DISCUSSION

Plaintiff brings three claims of error in the Joint Motion. First, Plaintiff argues that substantial evidence does not support the ALJ's finding that Plaintiff can perform her past relevant work as actually performed but not as generally performed in the national economy. ECF No. 14 at 6. Plaintiff argues that the record is devoid of any reports about how her past relevant work was actually performed, and, moreover, that her testimony regarding her past relevant work reflects that the job required standing and walking more than three hours in an eight-hour day, in contrast to her RFC. *Id.* at 6-7. Although the ALJ did not find that Plaintiff is able to perform her past relevant work as generally performed, Plaintiff also notes that the limitation in her RFC to three hours standing and walking in an eight-hour day would preclude such work as generally performed. *Id.* at 7.

Second, Plaintiff argues that the ALJ improperly rejected her subjective symptom testimony. *Id.* at 10-14. Plaintiff asserts that the ALJ merely recited medical evidence without explaining how the evidence conflicts with Plaintiff's subjective testimony, and that the ALJ repeatedly referred to issues of noncompliance regarding Plaintiff's diabetes management without consideration of the reason for noncompliance, i.e., changes in Plaintiff's insurance coverage. *Id.* at 11-13. In connection with this claim of error, Plaintiff urges the Court to credit her testimony as true and remand her case for the immediate award of benefits. *Id.* at 14.

Third, Plaintiff contends that she was denied due process because Plaintiff repeatedly requested copies of certain exhibits in the record that included physicians' opinions that the ALJ found persuasive, but was instead provided incorrect exhibits that pertained to her previous disability application filed in 2016. *Id.* at 16-17. Plaintiff argues that remand is warranted to provide her the opportunity to review the correct state agency medical determinations relied on by the ALJ. *Id.* at 17.

The Court will address each claim of error in turn.

**A. Plaintiff's Claim of Error Regarding the ALJ's Step Four Finding**

As discussed above, at step four, the ALJ must consider whether the plaintiff has "the residual functional capacity to perform the requirements of [her] past relevant work[,]" which is defined as work performed either as the claimant "actually performed it" or as it is "generally performed in the national economy" within the past 15 years. *See* 20 C.F.R. §§ 416.920(f), 416.960(b)(1)-(2). The plaintiff bears the burden of demonstrating that she can no longer perform her past relevant work. 20 C.F.R. § 416.920(e); *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). However, "[a]lthough the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Id.* To do so, the ALJ must compare the claimant's RFC to the physical and mental demands of the past relevant work. *Id.*; 20 C.F.R. §§ 416.920(e)-(f), 416.960(b). If the claimant retains the RFC to perform *either* "the actual functional demands and job duties of a particular past relevant job" *or* "the functional demands and

job duties of the occupation as generally required by employers throughout the national economy[,]" then she will be found not disabled. *Pinto*, 249 F.3d at 844; SSR 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982).

Here, Defendant concedes that "the record is devoid of any reports of how Plaintiff's past relevant work was actually performed." ECF No. 14 at 8-9. Therefore, substantial evidence does not support the conclusion that Plaintiff can perform her past relevant work as actually performed. Notwithstanding this concession that substantial evidence does not support the ALJ's conclusion, Defendant urges affirmance of the decision because the ALJ "mistakenly wrote that Plaintiff could perform her past work as actually performed instead of as generally performed[,] as all of the testimony suggested." *Id.* at 9. Thus, Defendant asks the Court to treat the ALJ's finding that Plaintiff can perform her past work as ***actually*** performed as a "scrivener's error," and to uphold the Commissioner's decision on the basis that substantial evidence supports the finding that Plaintiff is able to perform her past relevant work as ***generally*** performed.

The Court is not, however, in a position to determine whether substantial evidence supports the finding that Plaintiff can perform her past relevant work as generally performed, because that is not what the ALJ concluded. Defendant points to no authority that allows the Court to assume the ALJ made a scrivener's error on the key outcome-determinative question regarding the ultimate disability determination. Rather, the Court is limited to determining whether the ALJ's opinion is supported by substantial evidence and free of legal error. *See Pinto*, 249 F.3d at 847-48. In *Pinto*, the Ninth Circuit held that an ALJ "has a duty to make the requisite factual findings" to support a conclusion that a claimant can perform past relevant work. *Id.* at 844. A failure to make those findings prohibits meaningful judicial review, since a court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision[.]" *Id.* at 847 (citation omitted).

Moreover, when read in context, it is not clear that the ALJ's decision was the result of a mere scrivener's error. Instead, the ALJ states the same erroneous conclusion not once, but twice, in the decision:

> Having been asked to assume a person with the same age, education, and work experience as the claimant, and a residual functional capacity determined herein, the vocational expert testified that such an individual would be able to perform the past relevant work of customer service clerk ***as actually performed by the claimant, but not as generally performed in the national economy.***
>
> . . .
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of the claimant's past relevant work, the undersigned has determined the claimant is able to perform this past relevant work ***as actually performed by the claimant, but not as generally performed in the national economy.***

AR 40 (emphasis added). More glaringly, nowhere does the ALJ state the opposite proposition that the Commissioner now urges the Court to assume and accept as his actual decision on appeal—that is, that Plaintiff is able to perform her past relevant work as generally performed in the national economy, but not as actually performed. *See generally* AR 28-40. The Court declines to imagine that he did.

As conceded by Defendant, the conclusion the ALJ reached that Plaintiff can perform her past relevant work as ***actually*** performed is not supported by substantial evidence. This constitutes error that is not harmless, and requires remand. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ— not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); *see also, e.g.*, *B.-P. v. Saul*, No. 20-CV-02088-JCS, 2021 WL 2207336, at *9 (N.D. Cal. June 1, 2021) ("The Commissioner's ability to intuit a potential rationale for the ALJ's decision is insufficient to support the decision."); *Chapman v. Colvin*, No. 5:15-CV-867 (GJS), 2016 WL 164292, at *2 (C.D. Cal. Jan. 13, 2016) ("The Court will not accept the Commissioner's invitation

to affirm the ALJ's opinion on a basis the ALJ did not express."); *Davidson v. Astrue*, 703 F. Supp. 2d 1008, 1013 (C.D. Cal. 2008) ("[A] reviewing court cannot affirm the denial of benefits based on a reason not stated or finding not made by the ALJ").

The Court addresses the appropriate remedy for this error below.

### B. Plaintiff's Claim of Error Regarding the ALJ's Evaluation of Plaintiff's Testimony

Plaintiff asserts that the ALJ erred in discounting her testimony regarding the severity of her symptoms. When evaluating a claimant's subjective complaints, an ALJ must follow a two-step inquiry. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). First, an ALJ must assess whether there is objective medical evidence to support the complaints. *Id.* If that is the case, and there is no evidence of malingering, "the ALJ can only reject the claimant's testimony about the severity of the symptoms if he gives 'specific, clear and convincing reasons' for the rejection." *Id.* (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). An ALJ must "specifically identify the testimony she or he finds not to be credible . . . and explain what evidence undermines that testimony." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014)). An ALJ's decision must be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991).[5] "[A]n ALJ

---

[5] On March 28, 2016, the Social Security Administration issued new guidance regarding how to evaluate a claimant's subjective symptom testimony. *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016); 2017 WL 5180304 (Oct. 25, 2017) (clarifying SSR 16-3p). Additionally, effective March 27, 2017, the Social Security Administration updated the relevant agency regulations regarding how a claimant's symptoms are evaluated. *See* 20 C.F.R. § 416.929. Although the ALJ's opinion was issued after these changes, the jurisprudence governing the applicable two-step inquiry remains good law. *See, e.g.*, *Campbell v. Saul*, 848 F. App'x 718, 721 (9th Cir. 2021) (applying the two-step inquiry in a recent case appealing an ALJ's decision from 2018, in which the newer regulations were applied); *Vooge v. Saul*, 840 F. App'x 253, 254 (9th Cir. 2021) (same, in case involving an

may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

If the ALJ fails to meet these requirements for specificity, the Court is not free to fill in the gaps. *Lambert*, 980 F.3d at 1278. It is solely within the ALJ's province to assess the credibility of the claimant's testimony. *Id.* A court is therefore "constrained to review the reasons the ALJ asserts." *Id.* (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)); *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

**1. Plaintiff's Testimony**

Before turning to the ALJ's evaluation of Plaintiff's subjective testimony regarding the intensity, persistence, and limiting effects of her symptoms, the Court will first summarize her testimony from various sources in the record.

Plaintiff completed an Exertion Questionnaire, Exhibit B3E (AR 271-75), on February 10, 2020. AR 274. Plaintiff reported that she has pain in both feet from diabetic neuropathy. AR 271. The pain requires her to take breaks every 15 to 30 minutes. AR 271. It limits her ability to shower independently because of the pain and lack of balance caused by standing for that length of time. AR 271. It takes Plaintiff approximately 30 to 40 minutes to walk half a mile, because the pain is continuous while walking and her feet are usually in excruciating pain shortly after trying to walk or exercise in any way, requiring numerous rest breaks. AR 721. Plaintiff also experiences random cramping and restless legs. AR 272. Plaintiff experiences fatigue and dizziness from her medications. AR 272. Plaintiff does not clean her own home and needs help for larger shopping trips. AR 273. Plaintiff only drives short distances. AR 273.

Plaintiff also provided subjective testimony regarding her symptoms during the

---

ALJ's opinion issued in January 2019). *See also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (noting SSR 16-3p is consistent with existing Ninth Circuit precedent regarding the ALJ's assessments of an individual's testimony).

administrative hearing on May 6, 2021. AR 65. Plaintiff was represented by counsel at the hearing. AR 65. During the hearing, in response to the ALJ's question about decreased sensations in her extremities, Plaintiff responded that she has a "delayed sensation" when she bumps her toe. AR 80. She either feels the bump "moments afterwards" or not at all. AR 80. Plaintiff stated that she is "in pain all the time" in her feet, and the pain becomes more severe throughout the day. AR 82. She feels like "someone's poking [her] with hot needles." AR 90. She avoids walking. AR 82. She uses a handicapped placard for parking to decrease the amount of walking necessary. AR 82. She does not drive often because she loses sensation in her feet. AR 82. Her drives are limited to short, five-minute trips. AR 84. She relies on her daughter and husband to handle cooking and cleaning at home because she cannot stand long enough to complete those tasks. AR 85. "Five out of six" of the medications Plaintiff takes "cause drowsiness or dizziness in some way." AR 90-91.

### 2. The ALJ's Failure to Identify any Specific Inconsistent Testimony Warrants Remand

In evaluating Plaintiff's symptom testimony, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of her symptoms, satisfying the first step of the inquiry. AR 35; *Ghanim*, 763 F.3d at 1163. The ALJ found no evidence of malingering. The ALJ was therefore required to state "specific, clear and convincing reasons, supported by substantial evidence from the administrative record" for rejecting Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms. *Austin v. Saul*, 840 F. App'x 899, 901 (9th Cir. 2020) (quoting *Marsh v. Colvin*, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015) (punctuation omitted)).

An ALJ is required to "specifically identify the testimony . . . he finds not to be credible and . . . explain what evidence undermines the testimony." *Holohan*, 246 F.3d at 1208. Here, the ALJ made a boilerplate statement regarding Plaintiff's testimony that is commonly found in ALJ decisions, followed by a summary of the medical evidence:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected

>  to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

AR 35. This boilerplate language does not satisfy the requirement that an ALJ specifically identify the testimony of the claimant that should be discredited. *See, e.g., Lambert*, 980 F.3d at 1277 (finding that nearly identical boilerplate language was insufficient to meet the ALJ's burden); *Burrell*, 775 F.3d at 1138 (general statement that testimony is "inconsistent in some unspecified way" is insufficient); *Treichler*, 775 F.3d at 1103 (noting that identical boilerplate statement was insufficient because the "ALJ must identify the testimony that was not credible").

      Although the ALJ summarizes the medical record at length, he does not identify any specific testimony that is inconsistent with the record, much less explain why any portions of the medical record contradict Plaintiff's testimony. In the ALJ's discussion of the medical record, he suggests some contradictions. For example, in discussing the treatment notes from a November 2018 neurology appointment, the ALJ acknowledges that the neurologist observed that Plaintiff had "decreased perception of pinprick to about 6 inches above her ankles bilaterally; diminished sensation at the toes and ankles; and, significant misstep with Romberg." AR 35. The ALJ then comments, "however," that the treatment notes also indicate "mild decrease in vibratory sensation otherwise; mild weakness of toe flexors and extensors, otherwise full 5/5 strength, absent ankle jerks; and, trace knee jerks." AR 35. The ALJ provides no explanation for how this medical evidence contradicts Plaintiff's testimony; in fact, it appears to corroborate her testimony.

      The ALJ makes reference to treatment notes that indicate that Plaintiff sometimes forgets to take her diabetes medication, is sometimes unable to take medication because it is too expensive, and she has ongoing struggles with her diet. Again, the ALJ fails to connect these issues to Plaintiff's testimony. As the Ninth Circuit has recently reaffirmed, the "clear and convincing" standard applicable to an ALJ's evaluation of a claimant's subjective symptom testimony "is the most demanding required in Social Security cases"

and "requires an ALJ to show [his] work." *Ferguson v. O'Malley*, __ F. 4th __, No. 21-35412, 2024 WL 1103364, at *3 (9th Cir. Mar. 14, 2024) (quotations and citations omitted). If the ALJ meant to suggest that the limiting effects of Plaintiff's neuropathy would be lessened if she had not missed those doses of medication or eliminated sugars from her diet, he was required to show his work to explain what evidence in the record would support that conclusion. *See id.* at *4 (requiring the ALJ to expressly and specifically state *which* symptoms alleged by a claimant are inconsistent with which particular record evidence). The ALJ did not show his work here.

Defendant implicitly acknowledges that the ALJ failed to provide specific reasons for discounting Plaintiff's testimony by asserting that "a reasonable mind can understand how a lack of significant findings casts doubt over claims of debilitating limitations stemming from [Plaintiff's] conditions." ECF No. 14 at 15. The Court's role, however, is to assess the specific testimony rejected by the ALJ and whether the ALJ properly provided "specific, clear, and convincing" reasons for its rejection, not to make its own inferences regarding Plaintiff's credibility in light of the medical record. *Brown-Hunter*, 806 F.3d at 494 ("Although the inconsistencies identified by the district court could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make, and ours only to review."). When an ALJ fails to identify any specific testimony, there is nothing for the Court to assess. This constitutes reversible error. *See Treichler*, 775 F.3d at 1103.

The Court addresses the appropriate remedy below.

**C. Plaintiff's Claim of Error Regarding the Administrative Record**

Plaintiff asserts that she was denied due process because of errors in the administrative record. Defendant contends that any errors were corrected and, in any event, Plaintiff has the complete administrative record now. The Court need not reach this claim of error in light of the other errors found by the Court warranting reversal.

\\
\\

## V. THE PROPER REMEDY

The Court has discretion to either remand for further proceedings before the ALJ, or remand for an award of benefits. *Garrison*, 759 F.3d at 1019. "In cases where there are no outstanding issues that must be resolved before a proper disability determination is made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony." *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1401 (9th Cir. 1988). This "credit-as-true" rule serves to encourage ALJs to "carefully assess" pain testimony, to reduce the delay and uncertainty that often occurs in social security appeals, and to ensure "that deserving claimants will receive benefits as soon as possible." *Id.* at 1398-99.

The record here has been fully developed. It includes several hundred pages of Plaintiff's medical records, as well as medical opinions from state agency physicians and Plaintiff's treating physician. Plaintiff was treated for severe neuropathy related to diabetes on a regular basis between December 2017 and July 2020. *E.g.,* AR 504, 536, 544, 560, 574, 576, 581, 587, 594, 615, 622, 625, 682, 950, 953. The medical records show that the neuropathy caused substantial pain, limited her ability to walk, compromised the sensation in her feet, affected her gait, and required medication that caused her to be drowsy. AR 536 (notes from urgent care visit for toe injury resulting from fall), 560 (neuropathy limits ability to walk), 577 ("Inability to distinguish sharp versus dull with decreased perception of pinprick and light touch to about halfway up the tibial plateau bilaterally stocking distribution. Wide-based sensory ataxic gait"), 587 (fatigue related to medication), 682 ("Pain is dull burning but with intermittent sharp stabbing pain particularly in the arch and toes. It is most painful if she sits for a while and gets up and stands since then she fells severe pain in her feet."), 684 ("Decreased perception of pinprick to about 6 inches above her ankles bilaterally . . . Walks with a slightly wide-based ataxic gait.).

The record also includes testimony from Plaintiff and third parties. Because of pain from her neuropathy, Plaintiff has to take breaks every 15 to 30 minutes. AR 271. She is

unable to stand and stay balanced long enough to take a shower or complete household tasks like cooking and cleaning. AR 85, 271. Her medications cause her to be dizzy and drowsy. AR 90-91, 272. Plaintiff's sister confirmed that Plaintiff's neuropathy "becomes unbearable" and that she cannot walk more than a few feet without pain, or stand for very long. AR 61. Plaintiff's friend also confirmed that Plaintiff's walking is very limited and that the neuropathy has been debilitating for Plaintiff. AR 62.

During the May 6, 2021 administrative hearing, the vocational expert testified that Plaintiff could not perform her past work, or any other work, if Plaintiff had to change positions as frequently as she indicated in her testimony. AR 99-102. Therefore, if Plaintiff's testimony were credited as true, a finding of disability would be required.

The ALJ's failure to evaluate Plaintiff's testimony properly in the first instance is particularly concerning and weighs against a remand for further proceedings. The Ninth Circuit has affirmed many times that the boilerplate language the ALJ relied on here is insufficient. *E.g., Ferguson*, 2024 WL 1103364 at *4 (rejecting language that a claimant's statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision" as insufficient); *Lambert*, 980 F.3d at 1277 (rejecting the same language as in *Ferguson* as "boilerplate" and insufficient); *Brown-Hunter*, 806 F.3d at 491 (rejecting the language that a claimant's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment" as insufficient); *Treichler*, 775 F.3d at 1102-03 (rejecting the same language as in *Brown-Hunter* as insufficient). As the Ninth Circuit stated in *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004), "[a]llowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." (quoting *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004)). Application of the credit-as-true rule here serves the purpose of the rule by encouraging ALJs to comply with Ninth

Circuit standards for evaluating claimant testimony in the future, rather than giving them a "do-over" that will only result in inequitable delays.

"If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [for an immediate award of benefits] is appropriate." *Id*. Remand for the immediate payment of benefits is also appropriate "where the record has been developed fully and further administrative proceedings would serve no useful purpose[.]" *Benecke* 379 F.3d at 593. "[A] remand for benefits is indicated particularly where a claimant has already experienced lengthy, burdensome litigation." *Van Ausdle v. Shalala*, 19 F.3d 32 (9th Cir. 1994) (unpublished table opinion); *see also Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990) (explaining that while the court had "discretion on remand so that the Secretary may further develop the record" on certain issues pertinent to the disability determination, it would instead "invoke [its] discretion to order payment of benefits" given the "exceptional facts of this case," including that the plaintiff was currently 64 years old, it had been nearly four years since she had applied for benefits, further delays would be "unduly burdensome," and it was "very doubtful" that the Commissioner would be able to sustain his burden at step five to find the plaintiff not disabled).

Based on this guidance, the Court finds in its discretion that the appropriate remedy here is to remand for the immediate award of benefits. More than four years have passed since Plaintiff applied for benefits for the disability period at issue now. AR 28. As discussed, Plaintiff previously applied for benefits over seven years ago for an earlier disability period and was denied, a process that took more than two years. AR 108-115. Plaintiff is now 61 years old. AR 232. Here, it is clear from the current record "that the ALJ would be required to award benefits if [Plaintiff's] excess pain testimony were credited," making it inappropriate to remand for the ALJ to make specific findings regarding that testimony, *Varney*, 859 F.2d at 1401, the record is fully developed, and there is no need for further delays.

Therefore, weighing the applicable factors, the Court finds the appropriate remedy here is to reverse the Commissioner's decision and remand for an immediate award of benefits.

### VI. CONCLUSION

Based on the foregoing analysis, the Court resolves the parties' Joint Motion for Judicial Review (ECF No. 14) in Plaintiff's favor. The Court hereby **REVERSES** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g), and **REMANDS** this action for calculation and award of benefits to Plaintiff.

The Clerk is directed to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: March 25, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge