UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE S., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of Social Security,[1] <br><br> Defendant. | Case No.: 3:23-cv-00480-AHG <br><br> **ORDER:** <br><br> **(1) REQUIRING DEFENDANT TO RESPOND TO MOTION TO SUBSTITUTE PARTY; and** <br><br> **(2) REQUIRING SUPPLEMENTATION OF MOTION TO SUBSTITUTE** <br><br> [ECF No. 17] |

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Although Plaintiff originally brought this action against Former Acting Commissioner Kilolo Kijakazi, this case may properly proceed against Martin O'Malley pursuant to 42 U.S.C. § 405(g).

1

Before the Court is the Motion to Substitute Party filed on June 11, 2024 by counsel for Plaintiff Renee S. ("Plaintiff" or "Renee") on behalf of her husband Patrick S., who seeks to be substituted as the Plaintiff in this case under Rule 25(a) of the Federal Rules of Civil Procedure. ECF No. 17. The basis for the Motion is that Plaintiff died on February 13, 2024, and Patrick S. is her surviving spouse. ECF No. 17-1 at 2; *see also* ECF No. 17-2 (Plaintiff's Death Certificate issued by the State of Texas).

On March 25, 2024, the Court resolved the parties' Joint Motion for Judicial Review in this case in Plaintiff's favor, granted Plaintiff's motion to remand, and remanded this action for calculation of an award of benefits. ECF No. 15. Patrick S. states that, as Plaintiff's spouse, he "is the proper party to claim the benefits sought by Renee." ECF No. 17-1 at 2. Additionally, attached to the Motion to Substitute Party is a Notice Regarding Substitution of Party upon Death of Claimant dated May 5, 2024, which Patrick S. apparently submitted to the Social Security Administration in order to be substituted as an eligible person at the agency level. ECF No. 17-4. However, Patrick S. provides no documentation to show whether and how the agency acted on the Notice he submitted, nor is there any indication in the Motion of the agency's position on whether Patrick S. is indeed the proper party to be substituted for Plaintiff in this case.

Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Therefore, a motion to substitute under Rule 25(a)(1) requires the Court to consider whether: (1) the motion is timely; (2) the claims pled in the case have been extinguished; and (3) the person being substituted is a proper party. *Maseda v. Saul*, Case No. 1:20-cv-01657, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021).

Here, there is no formal notice or suggestion of death upon the record. However, courts have construed a motion for substitution to be a notice of death when a party's death

is first mentioned in the substitution motion. *Worrell v. Colvin*, Case No. 1:12-cv-3386, 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013); *see also* Fed. R. Civ. P. 25 advisory committee's note (1963) ("A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death. Indeed, the motion will usually be so made."). Therefore, the Court finds the motion to substitute timely.

The question of whether the claims pled in the case have been extinguished is more complicated. Although Plaintiff's appeal of her denial of disability insurance benefits to this Court for federal judicial review was extinguished when the Court entered judgment and closed the case on March 25, 2024, Plaintiff's death on February 13, 2024 preceded the date of the Court's decision and entry of judgment. Moreover, it is unclear from the record whether the agency has yet calculated the disability insurance benefits due to be awarded to Plaintiff pursuant to the Court's order. Social Security regulations provide that survivors of a deceased claimant may be entitled to posthumous payments of disability insurance benefits.[2] 42 U.S.C. § 1383(b)(1)(A); 20 C.F.R. § 404.503(b). *See also Maseda*, 2021 WL 2268871, at *1 ("Because the Social Security Act expressly provides for benefits to be paid to survivors in the event she died before collecting benefits owed, Plaintiff's claims were not necessarily extinguished upon her death."). Thus, the benefits that may still be due to Plaintiff based on the Court's ruling in this case are payable to the living person (or persons) listed in highest priority as set forth in 20 C.F.R. § 404.503(b). *See, e.g.*, *Rocha v. Comm'r of Soc. Sec.*, Case No. 1:20-cv-00613, 2023 WL 2655805, at *1-2 (E.D. Cal. Mar. 27, 2023) (finding that the amount of any underpayment that may be due from the Social Security Administration to a deceased disability claimant was payable to her surviving spouse, as he had the highest priority for the underpayment distribution under

---

[2] Supplemental security income ("SSI") benefits may also be payable to an eligible surviving spouse. 20 C.F.R. § 416.524(b). However, because Plaintiff did not have an SSI claim in this case, the Court limits its discussion to disability insurance benefits.

§ 404.503(b)(1), and ordering his substitution as the plaintiff under Rule 25(a)(1)); *Terry M. v. Kijakazi*, Case No. 2:22-cv-01497, 2023 WL 5035414, at *4–5 (D. Nev. Aug. 4, 2023) (finding that a deceased disability claimant's daughter was an appropriate party to be substituted for the plaintiff under § 404.503(b)(2) to pursue his claim for disability insurance benefits, because the daughter had filed a declaration that her father had no surviving spouse and that she was his only child). If the benefits awarded in this case have not yet been paid out by the agency to the appropriate qualifying relative under the regulations, Plaintiff's claims before this Court may not have necessarily been extinguished by the Court's entry of judgment.

Additionally, the Court anticipates that Plaintiff's counsel may seek to recover attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), which may also be properly payable to Plaintiff's surviving spouse if he is permitted to step into her shoes in this action as the plaintiff under Rule 25(a). *See, e.g.*, *Lau v. Saul*, Case No. 17-cv-2169, 2021 WL 4619918, at *3 (C.D. Cal. June 21, 2021) (granting EAJA fees to a surviving-spouse plaintiff as a prevailing party, after the surviving spouse had been substituted for their deceased spouse under Rule 25(a)); *Roark v. Astrue*, Case No. 3:10-cv-87, 2011 WL 2652347, at *1 (S.D. Ohio July 6, 2011) (same).

For these reasons, the Court finds that Plaintiff's claims were not necessarily extinguished by the Court's entry of judgment in this action on March 25, 2024. However, the Court is reticent to grant the Motion to Substitute Party without additional information, including whether the agency has taken any action on the Notice Regarding Substitution of Party upon Death of Claimant that Patrick S. filed with the Social Security Administration on May 5, 2024, whether the agency agrees that Patrick S. is a qualifying relative to receive the benefits owed to Plaintiff under the relevant regulations, whether any calculation and award of benefits has yet been made at the agency level, and the agency's position on whether Plaintiff's claims **in this Court** have been extinguished. To address these concerns, the Court will require Defendant to file a response to the Motion to Substitute Party.

Finally, if the Court ultimately finds that Plaintiff's claims in this Court are not extinguished, it must still determine whether Patrick S. is the proper party to substitute for Plaintiff. To that end, the Court notes that under 20 C.F.R. § 404.503(b)(1), a deceased claimant's surviving spouse only has the highest order of priority for receipt of underpayments if he was either (i) living in the same household with the claimant at the time of her death; or (ii) entitled to a monthly benefit on the basis of the same earnings record as was the deceased individual for the month in which such individual died. Patrick S. did not include any information in the Motion to Substitute Party or the attachments for the Court to find that either of these requirements is met. Therefore, Patrick S. will also be required to supplement the Motion to Substitute Party to allow the Court to proceed to the final step of the Rule 25(a)(1) inquiry in the event it concludes that Plaintiff's claims are not extinguished.

Accordingly, Patrick S. is **ORDERED** to supplement the Motion to Substitute Party by **June 18, 2024** with a declaration or other competent evidence to show that he is a surviving spouse qualified to receive payment of Plaintiff's past-due benefits pursuant to 20 C.F.R. § 404.503(b)(1), or that he otherwise has the highest order of priority to receive those benefits under § 404.503(b)(4).[3]

The Social Security Administration is **ORDERED** to file a Response to the Motion to Substitute Party (ECF No. 17) no later than **June 20, 2024**. The Response must include the following information:

(1) whether the agency has taken any action on the Notice Regarding Substitution of

---

[3] The Court recognizes that the deadline to file a motion for EAJA fees is fast approaching on June 24, 2024. Plaintiff's counsel should not delay in getting any such motion on file prior to the deadline, regardless of whether the Motion to Substitute Party has yet been resolved. If an EAJA fee motion is forthcoming, counsel is cautioned that any assignment agreement entered into between Plaintiff and her attorneys before her death will not necessarily bind her husband, and counsel for both sides should meet and confer regarding whether an EAJA fee award is appropriately payable to Plaintiff's husband if he is permitted to proceed as the plaintiff in this action.

Party upon Death of Claimant filed with the Social Security Administration Office of Hearings and Appeals on May 5, 2024 (ECF No. 17-4), along with a description of any such action;

(2) whether the agency agrees that Patrick S. is a qualifying relative eligible to receive the benefits owed to Plaintiff under the relevant regulations;

(3) whether any calculation and award of benefits has yet been made at the agency level; and

(4) the agency's position on whether Plaintiff's claims in this Court have been extinguished.

**IT IS SO ORDERED.**

Dated:  June 13, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge