UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE S.,<br><br>                    Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>                    Defendant. | Case No.: 3:23-cv-00480-AHG<br><br>**ORDER:**<br><br>**(1) REQUIRING DEFENDANT TO FILE REGULAR STATUS REPORTS BEGINNING ON SEPTEMBER 5, 2024;**<br><br>**(2) REQUIRING PARTIES TO JOINTLY FILE SUPPLEMENTAL BRIEF REGARDING EAJA FEE ASSIGNMENT;**<br><br>**(3) DEFERRING RULING ON MOTION TO SUBSTITUTE PARTY AND MOTION FOR EAJA FEES**<br><br>**[ECF Nos. 17, 20]** |

On June 13, 2024, the Court issued an order requiring the Social Security Administration ("SSA") to file a Response to the Motion to Substitute Party (ECF No. 17) filed on behalf of Plaintiff's widower Patrick S., who seeks to be substituted as the Plaintiff in this case pursuant to Fed. R. Civ. P. 25(a). *See* ECF No. 18.

In that Order, the Court explained that, before it could find that Patrick S. is the proper party to be substituted for Plaintiff in this case, it would need to determine whether: (1) the motion is timely; (2) the claims pled in the case have been extinguished; and (3) the person being substituted is a proper party. *Maseda v. Saul*, Case No. 1:20-cv-01657, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021). *See also* Fed. R. Civ. P. 25(a)(1). Although it is clear that the motion is timely, the determination of the other two prongs of the analysis required more information from the agency. That is, the Court could not determine from the record whether the SSA had yet calculated the disability insurance benefits due to be awarded to Plaintiff pursuant to the Court's judgment in this case, nor did the record reflect whether the SSA had yet determined whether Patrick S. is the appropriate qualifying relative under the regulations entitled to receive the benefits owed to Plaintiff. *See* ECF No. 18 at 3-5.[1] Therefore, the Court ordered the SSA to file a Response to the Motion to Substitute Party to address the following questions:

(1) whether the agency has taken any action on the Notice Regarding Substitution of Party upon Death of Claimant filed with the Social Security Administration Office of Hearings and Appeals on May 5, 2024 (ECF No. 17-4), along with a description of any such action;

(2) whether the agency agrees that Patrick S. is a qualifying relative eligible to receive the benefits owed to Plaintiff under the relevant regulations;

---

[1] The Court also noted that it anticipated Plaintiff's counsel may seek to recover attorney fees under the Equal Access to Justice Act ("EAJA") in this case, which might be properly payable to Plaintiff's surviving spouse if he is substituted as the Plaintiff under Rule 25(a). ECF No. 18 at 4. The parties have since jointly filed the anticipated EAJA fee motion on June 18, 2024, which remains pending. ECF No. 20.

      (3) whether any calculation and award of benefits has yet been made at the agency level; and

      (4) the agency's position on whether Plaintiff's claims in this Court have been extinguished.

*Id.* at 5-6.

Counsel for the SSA filed a Response and supporting Declaration on July 23, 2024. ECF Nos. 26, 27. The Response makes little headway in providing the information the Court needs to determine the propriety of permitting Plaintiff's surviving spouse to be substituted as the Plaintiff in this case under Rule 25(a). Specifically, the agency reports that it processed the Court's judgment in this case and sent a notice of award to the last known address of the claimant on July 6, 2024, along with the SSA-1724 form for "Claims for Amounts due in the case of a deceased beneficiary," requesting proof of certificates to verify Patrick S.'s widower status. ECF No. 26 at 2. The agency has not yet made a determination regarding whether Patrick S. is a qualifying relative eligible to receive the benefits owed to Plaintiff. *Id.* Further, the agency does not take a clear position on whether Plaintiff's claims in this Court have been extinguished, other than noting that neither Plaintiff nor any beneficiary is entitled to be paid benefits after the date of Plaintiff's death, and whether the past-due benefit award can be paid to an appropriate substitute party cannot be determined until the agency has completed its own process. *Id.*

Because the award of past-due benefits ordered by this Court has not yet been paid to any eligible surviving relative of Plaintiff as provided for in the regulations, and because the parties' Joint Motion for EAJA Fees (which fees may be payable to Plaintiff's surviving spouse if he is permitted to substitute under Rule 25(a)) is now pending, the Court finds the claims pled in this case have not yet been extinguished and that substitution of the proper party in Plaintiff's stead is appropriate.

However, at this juncture, the Court is not prepared to determine whether Patrick S. is a proper party to substitute as Plaintiff under Rule 25(a). As discussed in the Court's prior Order, the benefits that may still be due to Plaintiff based on the Court's ruling in this

case are payable to the living person (or persons) listed in highest priority as set forth in 20 C.F.R. § 404.503(b). A deceased claimant's surviving spouse has the highest order of priority for receipt of underpayments under that regulation if he was either (i) living in the same household with the claimant at the time of her death; or (ii) entitled to a monthly benefit on the basis of the same earnings record as was the deceased individual for the month in which such individual died. 20 C.F.R. § 404.503(b)(1)(i)-(ii). Pursuant to the Court's prior Order, Patrick S. filed a supplemental Declaration on June 17, 2024 stating that he and Plaintiff have always resided in the same household since they were married on February 3, 1996, and that he was living in the same household with her at the time of her death. ECF No. 19. Therefore, from the evidence before the Court, it appears that Parrick S. will be deemed a qualifying surviving relative eligible to receive the award of Plaintiff's past-due benefits. However, 20 C.F.R. § 404.503 is the implementing regulation of 42 U.S.C. § 404(d). *See Iannaccone v. L.*, 142 F.3d 553, 559 (2d Cir. 1998). In the federal statute, Congress has specified that, if an individual dies before any payment of disability insurance benefits due to her is completed, payment of the amount due shall be made "to the person, if any, ***who is determined by the Commissioner of Social Security*** to be the surviving spouse of the deceased individual. . . ." 42 U.S.C. § 404(d)(1) (emphasis added). Therefore, from the plain language of the statute, Congress has reserved to the Commissioner the determination of the eligibility of a surviving spouse to receive a deceased claimant's past-due benefits. Here, the agency has not yet made an official determination regarding whether Patrick S. is a qualifying relative eligible to receive the benefits award issued to Plaintiff, and the agency does not otherwise indicate in its response that it concedes to the granting of the Motion to Substitute Patrick S. as Plaintiff in this case. ECF No. 24. Therefore, the Court is reticent to grant the Motion to Substitute prior to the agency's completion of its own process to determine Patrick S.'s eligibility to receive the benefit award, at the risk of issuing a ruling that is inconsistent with the agency's later determination.

Accordingly, Defendant is **ORDERED** to file status updates **every 30 days**

regarding the agency's determination of Patrick S.'s eligibility to receive Plaintiff's benefit award. The first such update shall be due by **September 5, 2024**.

Further, the Court does not yet have sufficient information to rule on the pending Motion for EAJA Fees (ECF No. 20). As an initial matter, EAJA fees are properly payable to Plaintiff as the prevailing party, not to Plaintiff's attorneys. *Astrue v. Ratliff*, 560 U.S. 586, 588-59 (2010). Nonetheless, "district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu v. Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *4–5 (S.D. Cal. Apr. 30, 2018) (reviewing Plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt). In the Court's prior Order, the Court noted that counsel for both sides should meet and confer regarding whether an EAJA fee award is appropriately payable to Plaintiff's surviving spouse if he is permitted to proceed as the plaintiff in this action, because any assignment agreement entered into between Plaintiff and her attorneys before her death will not necessarily bind her husband. *See* ECF No. 18 at 5 n.3. However, the parties fail to address this issue in the Joint Motion for EAJA Fees, instead relying on Plaintiff's assignment agreement with her attorneys without any mention of her death and the pending request that Patrick S. be substituted as the plaintiff. *See generally* ECF No. 20.

Counsel for both sides are **ORDERED** to file a joint supplemental brief in support of the Motion for EAJA Fees no later than **August 20, 2024** that addresses whether, if Patrick S. is substituted as the Plaintiff in this action under Rule 25(a), EAJA fees are properly payable directly to Plaintiff's attorneys if the Government determines they are not subject to any offset, and the effect, if any, of Plaintiff's death on the enforceability of the assignment agreement.

The Court will **DEFER** ruling on the Motion to Substitute Party (ECF No. 17) and the Joint Motion for EAJA Fees (ECF No. 20) until after the issue of Patrick S.'s eligibility to receive Plaintiff's benefits award is resolved at the agency level and the parties have

filed their supplemental brief on the Joint Motion for EAJA Fees.

**IT IS SO ORDERED.**

Dated: August 6, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge