1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RENEE A. SULLIVAN,

Plaintiff,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

Defendant.

Case No.:  3:23-cv-00480-AHG

**ORDER GRANTING MOTION TO SUBSTITUTE PARTY**

**[ECF No. 17]**

Before the Court is the Motion to Substitute Party filed on June 11, 2024, by counsel for Plaintiff Renee Sullivan ("Plaintiff") on behalf of her husband Patrick Sullivan ("Patrick"), who seeks to be substituted as the Plaintiff in this case under Rule 25(a) of the Federal Rules of Civil Procedure. ECF No. 17. The basis for the Motion is that Plaintiff died on February 13, 2024, and Patrick is her surviving spouse. ECF No. 17-1 at 2; *see also* ECF No. 17-2 (Plaintiff's Death Certificate issued by the State of Texas). The motion is unopposed. For the reasons set forth below, the Court **GRANTS** the motion.

On March 25, 2024, the Court resolved the parties' Joint Motion for Judicial Review in this case in Plaintiff's favor, granted Plaintiff's motion to remand, and remanded this action for calculation of an award of benefits. ECF No. 15. On June 11, 2024, in the motion

1

at hand, Patrick provided that, as Plaintiff's spouse, he "is the proper party to claim the benefits sought by Renee." ECF No. 17-1 at 2. Additionally, attached to the Motion to Substitute Party was a Notice Regarding Substitution of Party upon Death of Claimant dated May 5, 2024, which Patrick apparently submitted to the Social Security Administration in order to be substituted as an eligible person at the agency level. ECF No. 17-4. On June 17, 2024, Patrick supplemented the Motion to Substitute Party with information showing that he lived in the same household with Plaintiff at the time of her death. ECF No. 19-3. On October 9, 2024, the Court ordered Defendant to provide a status report as to whether the Social Security Administration ("SSA") agreed that Patrick is the proper party to be substituted for Plaintiff in this case. ECF No. 34. In its status report dated October 31, 2024, the SSA agreed Patrick is the proper party to be substituted for Plaintiff.

Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Therefore, a motion to substitute under Rule 25(a)(1) requires the Court to consider whether: (1) the motion is timely; (2) the claims pled in the case have been extinguished; and (3) the person being substituted is a proper party. *Maseda v. Saul*, Case No. 1:20-cv-01657, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021).

Here, the Court previously found the motion to substitute timely. ECF No. 18-3. Accordingly, the Court reaffirms and incorporates by reference its prior analysis. *Id.* The Court also previously found that Plaintiff's claims were not extinguished upon her death if Plaintiff died before collecting benefits owed. *Id.* Given the benefits in this case have not yet been fully paid out by the SSA to the appropriate qualifying relative, Plaintiff's claims before this Court are not extinguished. Finally, the Court noted that under 20 C.F.R. § 404.503(b)(1), a deceased claimant's surviving spouse has the highest order of priority for receipt of underpayments if he was living in the same household with the claimant at the time of her death. *Id.* Patrick supplemented the Motion to Substitute Party with a

1  declaration stating that he lived in the same household with Plaintiff at the time of her

2  death. ECF No. 19-3. Further, in its status report, the SSA agreed that Patrick is the proper

3  party for substitution and suggested that payment for the claim was released to Patrick on

4  October 18, 2024. ECF No. 35.

5        Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Substitute Patrick

6  Sullivan as a party for deceased Plaintiff Renee Sullivan. The Court further **DIRECTS** the

7  Clerk of Court to update the docket of this action accordingly.

8        **IT IS SO ORDERED.**

   Dated: November 7, 2024

9

10 _____
   Honorable Allison H. Goddard
11 United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28