UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK SULLIVAN,<br><br>                        Plaintiff,<br><br>v.<br><br>KIJAKAZI, Commissioner of Social Security,<br><br>                       Defendant. | Case No.: 3:23-cv-00480-AHG<br><br>**ORDER GRANTING JOINT MOTION FOR ATTORNEY FEES AND EXPENSES**<br><br>**[ECF No. 20]** |

      Before the Court is the parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses. ECF No. 20. The parties jointly moved the court to award attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). *Id*. For the reasons set forth below, the Court **GRANTS** the parties' joint motion.

**I.     BACKGROUND**

      The underlying action involves a challenge by former Plaintiff Renee Sullivan ("Renee S.") to the denial of her application for social security disability insurance benefits. On March 16, 2023, Renee S. filed a complaint against the acting Commissioner of Social Security. ECF No. 1. Defendant filed the administrative record in lieu of an answer. ECF

No. 7. The Court set a scheduling order, requiring formal settlement discussions and a joint status report, as well as that a Joint Motion for Judicial Review of Final Decision of the Commissioner of Social Security ("Joint Motion for Judicial Review") be filed by October 12, 2023. ECF No. 8. On March 25, 2024, the Court resolved the Joint Motion for Judicial Review in favor of Renee S., reversed the Commissioner's decision, and remanded the case to the Commissioner of Social Security for calculation and award of benefits to Renee S. ECF No. 15. A Clerk's Judgment was entered on March 25, 2024. ECF No. 16.

On June 11, 2024, counsel for Renee S. filed a Motion to Substitute Party on behalf of her husband Patrick Sullivan, who sought to be substituted as the Plaintiff in this case under Rule 25(a) of the Federal Rules of Civil Procedure. ECF No. 17. The basis for the Motion is that Renee S. died on February 13, 2024, and Patrick Sullivan is her surviving spouse. ECF No. 17-1 at 2; *see also* ECF No. 17-2 (Plaintiff's Death Certificate issued by the State of Texas). On November 7, 2024, following the parties' determination that Patrick Sullivan should be substituted as the Plaintiff in this case under Rule 25(a), the Court granted the Motion to Substitute Party. ECF 37.

The instant motion follows. Here, the parties have jointly requested that Plaintiff be awarded attorney fees and expenses of $6,700.16 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount of $402 under 28 U.S.C. § 1920. ECF No. 20.

## II.  THRESHOLD ISSUE OF TIMELINESS

According to the EAJA, an application for fees must be filed "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). A final judgment is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). The Ninth Circuit has held that the EAJA's 30-day filing period does not begin to run until after the 60-day appeal period in Federal Rule of Appellate Procedure 4(a).[1] *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 612

---

[1] Federal Rule of Appellate Procedure 4(a) provides that a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from" if one of the parties is the United States or a United States officer sued in an official capacity. FED. R. APP. P. 4(a)(1)(B).

(9th Cir. 2007). Here, the parties filed an attorney fees motion on June 18, 2024, 85 days after final judgment was filed on March 25, 2024. The motion was filed 25 days after the 60-day period expired and falls within the 30-day filing period. Accordingly, the motion for attorney fees is timely.

## III. DISCUSSION

Under the EAJA, a litigant is entitled to attorney fees and costs if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005). The Court will address these in turn.

### A.   Prevailing party

A plaintiff is a prevailing party if he "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Ulugalu v. Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)). Here, Plaintiff is the prevailing party because the Court reversed the Commissioner's decision in favor of Renee S. and remanded the case to the Commissioner of Social Security for calculation and award of benefits. ECF No. 15.

### B.   Substantial justification

The government bears the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, "Defendant has stipulated to the attorney[] fees and does not argue that the prevailing party's position was substantially unjustified." *Krebs v. Berryhill*, 16cv3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. June 21, 2018); *see also Black v. Berryhill*, No. 18cv1673-JM-LL, 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) (finding the second element met because, "in light of the joint nature of the parties' request and the court's prior order remanding this action, the government has not shown that its position was substantially justified.").

### C. Reasonableness of Hours

The parties seek a fee award for 24.97 hours billed by Plaintiff's counsel and 3.7 hours billed by paralegals. ECF No. 20-1 at 1-2. The Court finds the number of hours billed by the paralegals and Plaintiff's counsel reasonable. *See* 28 U.S.C. § 2412(d); *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009) (a prevailing party may recover reasonable paralegal fees); *see also Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012) (reiterating the Ninth Circuit's previous position that "'lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees' because 'the payoff is too uncertain.' [] As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'") (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008)).

### D. Reasonableness of Hourly Rate

The EAJA provides that the Court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff's counsel bills at an hourly rate of $244.62 and her paralegals bill at an hourly rate of $179. ECF No. 20-1 at 1. However, the parties' joint motion fails to provide any reason or authority for fees above the statutorily mandated amount of $125 per hour. However, the Ninth Circuit's hourly EAJA rate for work performed in 2023, factoring in an increase in the cost of living, was $244.62. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Nov. 15, 2024); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases") (citing 28 U.S.C. § 2412(d)(2)(A)); *see, e.g.*, *Black*, 2019 WL 2436393, at *1 (considering the Ninth Circuit's hourly EAJA rate a reasonable rate); *Ulugalu*, 2018 WL 2012330, at *3 (same). Furthermore, the Court may approve paralegal

rates under the EAJA. *See Rosemary G. V. v. Saul*, No. 3:19-CV-00715-RBM, 2020 WL 6703123, at *4 (S.D. Cal. Nov. 12, 2020) ("As to paralegal time, these are recoverable fees under the EAJA." (citing *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008))). As such, the Court finds that the hourly rates billed by the paralegals and counsel are reasonable.

### E.   Assignment of Rights to Counsel

The parties jointly request that "fees shall be made payable to Sullivan, but if the Department of the Treasury determines that Sullivan does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Lawrence D. Rohlfing, Inc., pursuant to the assignment executed by Sullivan. ECF No. 20 at 2; *see* ECF No. 20-2 at 1 (agreement signed by Renee S. stating that "Client … assigns such [EAJA] fee awards to Attorney").

The Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010). In *Ratliff*, plaintiff's counsel was successful in plaintiff's Social Security benefits suit and the court granted the unopposed motion for fees under the EAJA. *Id*. However, before paying the fee award, the government discovered that plaintiff owed the United States a debt that predated the award, and accordingly, the government sought an offset of that owed amount. *Id*. Plaintiff's counsel intervened and argued that the fee award belonged to plaintiff's counsel, and thus was not subject to offset for the litigant's federal debts. *Id*. The Supreme Court disagreed, finding that "Congress knows how to make fee awards payable directly to attorneys where it desires to do so," and because the fee was payable to a "prevailing party," Congress intended the fee to go to the litigant, and not the attorney. *Id*. at 595–97.

Nonetheless, "district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4–*5 (reviewing Plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt);

*Bell v. Berryhill*, No. 16cv809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4–*5 (E.D. Cal. Mar. 21, 2011) (same); *Castaneda v. Astrue*, No. EDCV-09-1850-OP, 2010 U.S. Dist. LEXIS 72887, at *6–*8 (C.D. Cal. Jul. 20, 2010) (same); *see also Calderon v. Astrue*, No. 08cv1015-GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 21, 2010) ("Plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. Defendant, however, seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt . . . . This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset"); *cf. Hernandez v. Berryhill*, No. 15cv1322-DB, 2017 WL 2930802, at *3 (E.D. Cal. July 10, 2017) (declining to order that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt, because the parties failed to produce evidence of an assignment agreement).

Here, Renee S. assigned her right to EAJA fees to her attorney. ECF No. 20-2 at 1. On October 9, 2024, this Court ordered Defendant to provide a status report as to whether Defendant agreed with opposing counsel's position regarding assignment of attorney fees despite the death of Renee S. ECF No. 34 at 1-2. In its status report, Defendant agreed that assignment of attorney fees to Plaintiff's counsel is proper, given Patrick Sullivan entered into the representative agreement on behalf of Renee S. *See* ECF No. 33-2. Accordingly, should Patrick Sullivan not have a debt that is subject to offset, the award of fees may be paid directly to counsel.

## IV. CONCLUSION

As set forth above, it is hereby ordered that:

1. The parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses (ECF No. 20) is **GRANTED**;

2. Plaintiff is awarded attorney fees and expenses of $6,700.16 and costs in the amount of $402. *See* ECF No. 20; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010), any payment shall

be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel. *See* ECF No. 26 at 2; *see, e.g.*, *Mendoza v. Saul*, No. 18cv925-SKO, 2020 WL 406773, at *5 (E.D. Cal. Jan 24, 2020).

**IT IS SO ORDERED**.

Dated: November 19, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge