UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK S., <br><br> Plaintiff, <br><br> v. <br><br> LELAND DUDEK, Acting Commissioner of Social Security,[1] <br><br> Defendant. | Case No.: 3:23-cv-00480-AHG <br><br> **ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)** <br><br> **[ECF No. 39]** |

---

[1] Leland Dudek became the Acting Commissioner of the Social Security Administration on February 16, 2025. Although Plaintiff originally brought this action against Former Acting Commissioner Kilolo Kijakazi, this case may properly proceed against Leland Dudek pursuant to 42 U.S.C. § 405(g).

1

Before the Court is Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b). ECF No. 39. For the reasons set forth below, the Court **GRANTS** the motion.

## I.  BACKGROUND

Former Plaintiff Renee S. ("Plaintiff") filed this action on March 16, 2023, seeking review of the Commissioner of Social Security's ("Commissioner") denial of her application for social security disability insurance benefits. ECF No. 1. The parties consented to proceed before a Magistrate Judge on March 20, 2023. ECF No. 4. On March 25, 2024, the Court reversed the Commissioner's denial of disability insurance benefits and remanded to the Administrative Law Judge ("ALJ") for the calculation and award of benefits. ECF No. 15.

Unbeknownst to the Court at the time it issued the reversal order in her favor, Renee S. died on February 13, 2024, leaving Plaintiff Patrick S. as her surviving spouse. ECF No. 17-1 at 2; ECF No. 17-2. Following Renee S.'s death, the Court granted the motion to substitute Patrick S. as the Plaintiff in this case under Rule 25(a) of the Federal Rules of Civil Procedure on November 7, 2024. ECF No. 37. On November 19, 2024, pursuant to a joint motion, this Court awarded Plaintiff Patrick S. $6,700.16 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 38.

In the meantime, on remand, the Commissioner awarded the deceased claimant Renee S. approximately $88,344.00 in total past due benefits, which the agency determined was properly payable to Plaintiff Patrick S. as her surviving spouse. *See* ECF No. 39 at 5; ECF No. 39-2; ECF No. 35.

In the instant motion, Plaintiff's counsel seeks an order awarding Monica Perales (Plaintiff's counsel) attorney fees in the amount of $22,086.00 for representing Renee S. in this action, and further ordering Ms. Perales to reimburse Plaintiff the amount of $6,700.16 for the EAJA fees awarded by the Court. ECF No. 39. The Commissioner has taken no position on the reasonableness of counsel's request. Though he was notified of the opportunity to oppose or otherwise respond to the motion (*see* ECF No. 39 at 2, 19),

Plaintiff has also taken no position on the reasonableness of counsel's request.

## II. LEGAL STANDARD

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting 42 U.S.C. § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable[2] for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness[.]'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). When determining reasonableness of the fee award, courts must consider "whether the amount need be reduced, not whether the [lodestar] amount should be enhanced." *Crawford*, 586 F.3d at 1149. While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

Finally, "an EAJA award offsets an award under Section 406(b), so that the [amount

---

[2] The Court notes that the lodestar calculation does not apply to the instant motion. *See Gisbrecht*, 535 U.S. at 802 (explaining that the lodestar method is applicable to "disputes over the amount of fees properly shifted to the loser in the litigation" whereas "Section 406(b) is of another genre: [i]t authorizes fees payable from the successful party's recovery"); *see also Crawford*, 586 F.3d at 1148 ("SSDI attorney[] fees, in contrast, are not shifted. They are paid from the award of past-due benefits and the amount of the fee, up to 25% of past-due benefits, is based on the agreement between the attorney and the client.").

of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796.

### III. DISCUSSION

On April 1, 2024, Plaintiff Patrick S. (on behalf of his deceased spouse Renee S.) and the Law Offices of Lawrence D. Rohlfing entered into a Social Security Representation Agreement ("Agreement"). ECF No. 39-1. Pursuant to the Agreement, Plaintiff agreed to pay counsel a contingency-fee of up to 25% of past-due benefits awarded by the Commissioner. *Id*. The administrative proceedings became final on June 26, 2024, when the Social Security Administration issued its Notice of Award. *See* ECF No. 39-2. Plaintiff's counsel seeks a total award of $22,086.00 in attorney fees and "bases this fee on 25% of the net payable past due benefits." ECF No. 39 at 6; *see* ECF No. 39-2 (awarding Renee S. $88,344.20 in total past due benefits between June 2020 and January 2024). Counsel argues that the amount sought in the instant motion "falls within the range of reasonable" based on her firm's expenditure of 28.67 hours on the case in this court. *Id*. at 5. Additionally, if granted by the Court, this award would be reduced by the $6,700.16 that has already been received in attorney fees under the EAJA. *Id*.

Upon careful review of the documents submitted, and the applicable law, the Court finds that counsel's fee request is reasonable. Plaintiff's counsel and her paralegals expended 28.67 hours on this case.[3] ECF No. 39-3. The *de facto* hourly rate is $770.35, which falls on the low end of the range that has been approved by courts in similar cases, including in this district. *See Crawford*, 586 F.3d at 1153 (approving *de facto* hourly rates

---

[3] While every case is different, the amount of time spent on this case (24.97 hours by counsel and 3.7 hours by counsel's paralegals) are similar to the underlying cases approved in *Crawford*. 586 F.3d at 1145 (The time spent in the three underlying cases was: 19.5 hours by counsel and 4.5 hours by paralegal in *Crawford*; 17.45 hours by counsel and 4.7 hours by paralegal in *Washington*; and 26.9 hours by counsel and 2.6 hours by paralegal in *Trejo*).

of $519, $875, and $902 in 2009); *Luzette B. v. King*, No. 23cv483-MSB, 2025 WL 373256, at *3 (S.D. Cal. Feb. 3, 2025) (approving *de facto* hourly rate of $1,573.03); *Habibullah A. v. Colvin*, No. 20cv1971-AGS, 2025 WL 306641, at *1 (S.D. Cal. Jan. 27, 2025) (approving *de facto* hourly rate of $1,707.31); *Clinton S. v. King*, No. 21cv1359-MMP, 2025 WL 297033, at *3–4 (S.D. Cal. Jan. 24, 2025) (applying a downward adjustment to an application for § 406(b) fees that would have resulted in a *de facto* hourly rate of $1,787.31, but ultimately approving an award resulting in a *de facto* hourly rate of $1,340.48); *Richardson v. Colvin*, No. 15-cv-1456-MMA-BLM, 2017 WL 1683062, at *2 (S.D. Cal. May 2, 2017) (approving *de facto* hourly rate of $770); *Christopher R. B. v. Colvin,* No. 8:23-CV-00249-BFM, 2025 WL 26796, at *2 (C.D. Cal. Jan. 3, 2025) (approving a *de facto* hourly rate of $876 and collecting cases for the proposition that this rate was "well within the rates that the Ninth Circuit and courts in this District have approved").

Moreover, as discussed above, Plaintiff Patrick S. and the former Plaintiff Renee S. both entered into contingent fee agreements with Plaintiff's counsel in this case allowing for counsel to collect up to 25% of any past-due benefit award. ECF No. 39-2. Courts "'recognize that basing a reasonableness determination on a simply hourly rate basis is inappropriate when an attorney is working pursuant to a reasonably contingency contract for which there runs a substantial risk of loss.' . . . Courts are loathe to penalize experienced counsel for efficient representation under contingency agreements, particularly in the social security context." *Sproul v. Astrue*, No. 11-CV-1000-IEG DHB, 2013 WL 394056, at *2 (S.D. Cal. Jan. 30, 2013) (quoting *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003)). That is, Plaintiff's counsel "assumed a substantial risk of not recovering attorney[] fees. At the time that Plaintiff and his counsel signed the contingency fee agreement, Plaintiff had an unfavorable ruling from the ALJ and had just filed this action for judicial review." *Shultz v. Comm'r of Soc. Sec.*, No. 17cv1823-CAB-MDD, 2020 WL 4732065, at *2 (S.D. Cal. Aug. 14, 2020); *see also Moreno v. Berryhill*, No. 13-cv-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) ("[c]ounsel assumed the risk of

nonpayment inherent in a contingency agreement, [and] and the fee does not exceed … the 25 percent statutory cap[.]"). For that reason, respecting "the primacy of lawful attorney-client fee agreements," as it must, the Court's consideration must start with the fee agreement, which provides for the requested fee award. *Crawford*, 586 F.3d at 1148.

Turning to the other factors that may assist the Court in testing the reasonableness of the fee agreement, Plaintiff's counsel has submitted a billing statement detailing the work performed to litigate this case in federal court. ECF No. 39-3. There is nothing in the record to suggest substandard performance by counsel, or that counsel delayed this litigation in order to amass more in potential fees. As a result of counsel's work, Plaintiff received a favorable decision and a significant award of past-due benefits. Thus, none of the factors outlined in *Gisbrecht* favor reducing the fee award, and the Court concludes that counsel's request for attorney fees is reasonable and that it does not constitute a "windfall" to Plaintiff's counsel. *See Gisbrecht*, 535 U.S. at 808.

## IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. §406(b). The Court **AWARDS** Monica Perales attorney fees in the amount of $22,086.00.[4]

The Court further **ORDERS** Monica Perales to reimburse Plaintiff the amount of $6,700.16 for EAJA fees previously awarded by this Court.

**IT IS SO ORDERED.**

Dated:  February 26, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[4] The Court **DIRECTS** the Commissioner to certify the fee of $22,086.00 payable to Law Offices of Lawrence D. Rohlfing.